_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02828-FWS-ADS                              Date: February 3, 2026
Title: Morteza Rahimnejad v. Mercedes Benz USA, LLC *et al*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

   Rolls Royce Paschal                                              N/A
     Deputy Clerk                                              Court Reporter

Attorneys Present for Plaintiffs:                 Attorneys Present for Defendants:

     Not Present                                              Not Present

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO
REMAND [12]**

Plaintiff Morteza Rahimnejad seeks to remand this products liability case to Orange
County Superior Court. (Dkt. 12 ("Motion" or "Mot.").) Defendant Mercedes-Benz USA, LLC
("Mercedes") filed an opposition. (Dkt. 12 ("Opposition" or "Opp.").) Defendant Laguna Mar
LLC, doing business as Mercedes-Benz of Laguna Niguel, ("Laguna Mar") joined the
opposition. (Dkt. 14.) Plaintiff filed a reply in support of the Motion. (Dkt. 15 ("Reply").)
The court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P.
78(b) ("By rule or order, the court may provide for submitting and determining motions on
briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral
argument on any motion except where an oral hearing is required by statute"). Accordingly, the
hearing set for February 12, 2026, is **VACATED** and **OFF CALENDAR**. Based on the state
of the record, as applied to the applicable law, the court **DENIES** the Motion.

## I.      Summary of the First Amended Complaint's Allegations

Plaintiff, a citizen of California, leased a car (the "Subject Vehicle") from Laguna Mar in
November 2024. (Dkt. 1-3 ("First Amended Complaint" or "FAC") ¶ 11.) In December 2024,
while driving this vehicle, Plaintiff "began pressing on the gas pedal when the Subject Vehicle
suddenly began rapidly accelerating" which caused Plaintiff to hit another car with the Subject
Vehicle. (*Id.* ¶ 16.) The Subject Vehicle continued moving forwards toward an intersection,
Plaintiff tried to brake but "the brakes were inoperable, therefore the Subject Vehicle continued
to rapidly accelerate" through the intersection before eventually colliding with a wall. (*Id.*.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02828-FWS-ADS                           Date: February 3, 2026
Title: Morteza Rahimnejad v. Mercedes Benz USA, LLC *et al*

About two months before Plaintiff leased the subject vehicle, Mercedes issued a recall on the Subject Vehicle "due to an issue" caused by "improper welds, which could lead to a loss of vehicle control." (*Id.* ¶ 15.)  The recall condition had not been repaired when Plaintiff leased the subject vehicle. (*Id.*)

Arising out of this incident Plaintiff asserts two causes of action for Negligent and Strict Products Liability against Mercedes, Laguna Mar, Pat Bolter—a California resident who was allegedly the general manager of Laguna Mar—Murgado Automotive Group, and several Doe Defendants. (*Id.* ¶¶ 2-6, 17-24.)

Plaintiff originally filed this action in Orange County Superior Court, case no. 30-2025-01526135-CU-PL-CJC.  On December 12, 2025, Mercedes removed the case to this court. (Dkt. 1.)

## II.    Legal Standard and Discussion

Federal courts are courts of limited jurisdiction with subject matter jurisdiction over only those suits authorized by the Constitution or Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  When a suit originates in state court, a defendant may remove to federal court only when the suit could have been filed in federal court originally.  28 U.S.C. § 1441(a).  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1069 (9th Cir. 2005).  Mercedes removed this case on the basis of diversity jurisdiction.  (Dkt. 1 at 1-7.)

Diversity jurisdiction requires complete diversity between the parties and that the amount in controversy exceeds $75,000.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) ("[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000."); *Lee v. Am. Nat. Ins. Co.*, 260 F.3d 997, 1004 (9th Cir. 2001) ("The diversity jurisdiction statute, as construed for nearly 200 years, requires that to bring a diversity case in federal court against multiple defendants, each plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02828-FWS-ADS                                  Date: February 3, 2026
Title: Morteza Rahimnejad v. Mercedes Benz USA, LLC *et al*

must be diverse from each defendant.").  If a party is a corporation, the complaint must allege both its state(s) of incorporation and principal place of business.  28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012).  If a party is a natural person, the complaint must allege their state of domicile, which is their permanent home, where they reside with the intention to remain or to which they intend to return.  *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

Plaintiff, a citizen of California, argues that there is no diversity jurisdiction because Plaintiff and Bolter are both citizens of California and, separately, that Mercedes has failed to establish that Laguna Mar is not also a California citizen for purposes of diversity jurisdiction. (Mot. at 7-12; Reply at 5-7.)  Mercedes opposes remand—arguing that Bolter is fraudulently joined and his citizenship should be disregarded and that Laguna Mar is a Florida citizen for diversity purposes.  (Opp. at 6-9.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined."  *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).  However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation modified).  Accordingly, "a defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a heavy burden" of proving fraudulent joinder by "clear and convincing evidence."  *Grancare*, 889 F.3d at 548 (citation modified); *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

**CIVIL MINUTES – GENERAL**                                                        3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02828-FWS-ADS                    Date: February 3, 2026
Title: Morteza Rahimnejad v. Mercedes Benz USA, LLC *et al*

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).  Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").  Defendants seeking removal based on fraudulent joinder must overcome both "the strong presumption against removal jurisdiction" and the "general presumption against fraudulent joinder."  *Id.* (citation omitted).

In this case, the court is persuaded that Bolter is a sham defendant whose citizenship should be disregarded.  Mercedes submits sufficient evidence that Bolter stopped working at the Laguna Mar dealership in July 2024.  (Dkt. 1-7 ¶ 5.)  The recall upon which Plaintiff bases his allegations was issued in September 2024.  (FAC ¶ 15.)  Plaintiff leased his vehicle in November 2024 and was involved in the alleged crash in December 2024.  (FAC ¶¶ 11, 16.)  The parties do not cite, and the court is unaware of, a case in which an employee of a retailer was found liable on issues related to a transaction that occurred after the employee stopped working with the retailer.  (*See generally* Mot.; Opp.; Reply.)  Given that Bolter left the dealership months before the alleged recall, and several months more before Plaintiff leased his car, the court finds that any claim against Bolter for products liability is fanciful.  *Cf. Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand.").  Plaintiff speculates that "it is unknown what inspection, recall-tracking, or vehicle-release protocols were in place during" Bolter's "tenure, when the subject vehicle was received by the dealership, when the dealership was notified of the recall, or what managerial policies governed pre-delivery inspections and recall compliance."  (Reply at 6.)  But Plaintiff makes no argument tying these "unknowns" into the elements of a claim against Bolter.  (*See id.*)  Although the burden to show fraudulent joinder is heavy, the court concludes that Mercedes has met its burden to show Bolter was fraudulently joined and therefore discounts Bolter's citizenship for purposes of assessing diversity of parties.

**CIVIL MINUTES – GENERAL**                                                        **4**

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-02828-FWS-ADS                          Date: February 3, 2026
Title: Morteza Rahimnejad v. Mercedes Benz USA, LLC *et al*

Further, the court finds that Laguna Mar is a Florida citizen.  Because Laguna Mar is a limited liability company, its citizenship is determined by the citizenship of its members. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Rather than by the "state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016).  Here, Mercedes has submitted evidence which establishes that Laguna Mar's sole member is a Florida resident.  (Dkt. 1-6 ¶ 4.)  Indeed, Plaintiff asks the court to take judicial notice of Laguna Mar's statement with the California Secretary of State reflecting a single member residing in Florida.  (Dkt. 12-2 Ex. A.)  Plaintiff contends that this evidence establishes only that Laguna Mar's sole member is a resident of Florida, not that he is domiciled there.  "The place where a person lives is taken to be his domicile until facts adduced establish the contrary[.]" *Anderson v. Watts*, 138 U.S. 694, 706 (1891).  Because the record establishes that Laguna Mar's sole member resides in Florida, without evidence to the contrary, the court finds that Mercedes has adequately established that Laguna Mar is diverse from Plaintiff.

For the above reasons, the court finds that complete diversity exists between the parties.  Plaintiff does not dispute that the amount in controversy is over $75,000.  (*See generally* Mot.; Reply.)  Therefore, the court finds that diversity jurisdiction is satisfied.

## III.   Disposition

For the reasons stated above, the court **DENIES** the Motion.

_____

**CIVIL MINUTES – GENERAL**                                                          5